**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| GEORGE MOORE and ROBERT HOSSFELD, individually and on behalf of others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 23-cv-16587 |
| | ) ) | Judge April M. Perry |
| FARMERS GROUP, INC., FARMERS NEW WORLD LIFE INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE, TRUCK INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, and MID-CENTURY INSURANCE COMPANY, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**

This is a consumer protection action based on claims arising from telemarketing calls received by Plaintiffs George Moore and Robert Hossfeld. Plaintiffs allege receiving multiple calls soliciting them to purchase Farmers insurance products. According to Plaintiffs, these calls were either received at telephone numbers they had placed on the national do-not-call registry or after requests were made not to receive further calls. Plaintiffs also assert that Defendants' recordkeeping procedures related to these calls resulted in the negligent spoliation of evidence. The third amended complaint asserts four causes of action against Defendants Farmers Group Inc., Farmers New World Life Insurance Company, Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, and Mid-Century Insurance Company (collectively, "Defendants") for violations of the Telephone Consumer Protection Act ("TCPA") and a common law claim of negligence. Doc. 143.

Before this Court is Defendants' motion to dismiss Count IV under Federal Rule of Civil Procedure 12(b)(6) and to strike allegations from the complaint pertaining to one of the alleged phone calls. Doc. 151. For the following reasons, Defendants' motion to dismiss the claim of negligent spoliation is granted and the motion to strike is denied.

## BACKGROUND

The facts of this case are more thoroughly detailed in the Court's October 20, 2025 Opinion and Order, which is incorporated by reference into this Opinion. Doc. 139. This opinion focuses on the facts pertaining to Count IV, which relates to Defendants' alleged negligent spoliation of evidence that Plaintiffs claim Defendants had a duty to protect: namely, records that the Telemarketing Sales Rule (TSR), 16 C.F.R. § 310, allegedly required Defendants to maintain for a period of time.

As alleged in the third amended complaint, Defendants entered into various agreements with those who telemarketed on their behalf. Doc. 143 ¶¶ 221, 225. Those agreements required that all telemarketing material be returned to Defendants when the relationship was terminated and did not permit telemarketers to retain any telemarketing information after termination. *Id.* The complaint alleges three different instances of spoliation due to these agreements.

First, on January 27, May 2, and July 5, 2023, the Chetty Agency ("Chetty") made telemarketing calls to Hossfeld on Defendants' behalf. *Id.* ¶ 216. Defendants had entered into telemarketing agreements with Chetty on February 6 and April 1, 2023. *Id.* ¶¶ 222, 226.[1] In responding to a subpoena from Plaintiffs seeking documents related to the 2023 calls, Chetty informed Plaintiffs that it had ceased operations in June 2023 and did not retain any documents

---

[1] It is not clear what relationship Chetty and Defendants had at the time of the January 27, 2023 phone call, which predated the agreements described in the complaint.

related to its telemarketing activities. *Id.* ¶ 228.[2] Moreover, Defendants failed to obtain or maintain these documents. *Id.* ¶ 216.

Second, on July 21, 2020, the Justin Roberts Agency ("Roberts") made a telemarketing phone call to Hossfeld on behalf of Defendants. *Id.* ¶ 217. Roberts subsequently entered into a telemarketing agreement with Defendants on May 1, 2021. *Id.* ¶ 222. In response to a subpoena, Roberts stated that he separated from Defendants in November 2023 and at that time disposed of all materials in accordance with his agreement with Defendants. *Id.* ¶ 224. Defendants did not obtain or maintain any materials related to this call. *Id.* ¶ 217.

Third, on March 13, 2024, the Bianca Rodriguez Agency ("Rodriguez") made a telemarketing call to Moore. *Id.* ¶ 218. Rodriguez had entered into a telemarketing agreement with Defendants on October 1, 2023. *Id.* ¶ 222. Rodriguez subsequently went out of business in April 2025 and did not retain any records of the phone call. *Id.* ¶ 218. Defendants did not obtain or maintain the records from Rodriguez. *Id.*

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016). To survive a motion to dismiss, a plaintiff need only include "a short and plain statement of a claim that is plausible on its face and entitles them to relief." *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022). The short and plain statement

---

[2] The allegation that Chetty made the July 2023 call is obviously incompatible with the assertion that Chetty ceased operations in June 2023.

must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Because a class has not been certified, at this point the Court assesses only the claims of the named plaintiffs, not those of the putative class. *Oyoque v. DePaul Univ.*, 520 F. Supp. 3d 1058, 1063 n.3 (N.D. Ill. 2021).

## ANALYSIS

### I. Motion to Dismiss

#### a. Chetty and Roberts Allegations

Prior to determining whether the complaint states a claim for negligent spoliation, the Court must first address which state's law should apply. Specifically, Defendants argue that Hossfeld cannot bring a claim for negligent spoliation arising from the Chetty and Roberts calls because Texas law applies to his cause of action and Texas law does not recognize such a tort.

A federal court applies "the choice-of-law rules of the forum state to determine which state's law applies." *Heiman v. Bimbo Foods Bakeries Distrib. Co.*, 902 F.3d 715, 718 (7th Cir. 2018). The forum here is Illinois, and Illinois choice-of-law principles dictate that the court should apply "forum law unless an actual conflict with another state's law is shown." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 808 (7th Cir. 2020). Here, there is an actual conflict because Texas does not recognize spoliation as an independent cause of action whereas Illinois does.

4

*Compare Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex. 1998) *and McIntyre v. Wilson*, 50

S.W.3d 674, 685 (Tex. App. 2001) ("Texas does not recognize a cause of action

for spoliation of evidence.") *with Martin v. Keeley & Sons, Inc.*, 979 N.E.2d 22, 27 (Ill. 2012).

Therefore, the Court must conduct a choice-of-law analysis.

Illinois follows the choice-of-law approach set out in the Restatement (Second) of

Conflict of Laws, under which the law governing a claim is that of the state with the most

significant relationship or contacts relating to that claim. *See Morris B. Chapman & Assocs., Ltd.*

*v. Kitzman*, 739 N.E.2d 1263, 1269 (Ill. 2000); *Curran v. Kwon*, 153 F.3d 481, 488 (7th Cir.

1998). This approach requires application of the law of the place where the injury occurred,

"unless another state has a more significant relationship to the occurrence or parties involved."

*Pittway Corp. v. Lockheed Aircraft Corp.*, 641 F.2d 524, 526 (7th Cir. 1981); *Townsend v. Sears,*

*Roebuck & Co.*, 879 N.E.2d 893, 904 (Ill. 2007). Factors considered as part of the most

significant contact tests include the place where the injury occurred; the place where the conduct

causing the injury occurred; the domicile or place of business of each party; and the place where

the relationship between the parties is centered. *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir.

2012).

Here, the state with the most significant relationship to Hossfeld's spoliation claim is

Texas. Hossfeld is a Texas resident, as are Chetty and Roberts. Doc. 143 ¶ 19; Doc. 17-3 at 2.[3]

The telemarketing calls forming the basis for the TCPA claims were made in Texas, and the

records which form the basis of the spoliation claim were both stored in and destroyed in Texas.

Therefore, the place where the conduct causing injury occurred, domicile of the relevant parties,

---

[3] The complaint incorporates by reference Docket Entry 17-3. Doc. 143 ¶ 226.

and place where the relationship between the relevant parties was centered is Texas. Meanwhile, none of the relevant factors indicate that Illinois law should apply: Defendants are not Illinois residents, Doc. 143 ¶¶ 22-28, and there was no Illinois nexus to Hossfeld's claims at all until the lawsuit was filed here in December 2023 – after the records already had been destroyed.

Plaintiffs argue that the place of injury is Illinois because Seventh Circuit precedent directs Courts to "focus on where the plaintiff experiences the consequences of the alleged wrongdoing" and Hossfeld has experienced the consequences of the wrongdoing in Illinois because the lawsuit was filed here. Doc. 163 at 12-13. In support of this proposition, Plaintiffs rely on "*Motorola Mobility LLC v. AU Optronics Corp.*, 775 F.3d 816, 819 (7th Cir. 2015) (en banc)." *See* Doc. 163 at 12, 13. As Defendants point out, this case does not contain the quote that Plaintiffs attribute to it, nor address choice-of-law issues, and was not decided *en banc*. Nor has the Court found another similar case that Plaintiffs would have likely intended to cite instead. The Court reminds Plaintiffs' counsel of the Rule 11 obligation related to case law citations and quotations. *See Dec v. Mullin*, 171 F.4th 940, 947 (7th Cir. 2026) ("This opinion should be read to impress upon … the bar the importance of honesty and vigilance in checking the accuracy of all citations and quotes.").

What Seventh Circuit precedent actually states is that the place of injury determines the choice of law *unless another state has a more significant relationship to the claim*. *See Pittway*, 641 F.2d at 526. So even if the Court were to adopt Plaintiff's rather odd theory that a plaintiff gets to choose their place of injury by filing a lawsuit in a state that had no connection to the claim, Plaintiffs would still need to explain why Texas' relationship to the claim is not more significant – a task they have not even attempted to undertake.  For these reasons, the Court applies Texas law to Hossfield's claim. As Texas does not recognize a claim for negligent

6

spoliation of evidence, Hossfield's claims for spoliation with respect to Chetty and Roberts must be dismissed. [4]

### b. Rodriguez Allegations

Defendant next argues that the complaint does not plausibly allege a spoliation of evidence claim related to the March 2024 call from Rodriguez to Moore. As Moore is a citizen of Illinois, Doc. 143 ¶ 17, and Rodriguez is in Illinois, *id.* ¶ 91, the parties do not dispute the application of Illinois law to this claim.

In Illinois, a spoliation claim requires a plaintiff to plausibly allege that "(1) the defendant owed the plaintiff a duty to preserve the evidence; (2) the defendant breached that duty by losing or destroying the evidence; (3) the loss or destruction of the evidence was the proximate cause of the plaintiff's inability to prove an underlying lawsuit; and (4) as a result, the plaintiff suffered actual damages." *Martin*, 979 N.E.2d at 27. In this case, the spoliation claim fails on elements three and four.

The TCPA creates a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of

---

[4] Defendants also argue that the alleged spoliation of evidence related to Roberts is deficient even if Illinois law were to apply because Roberts' call took place in July 2020 and Roberts disposed of the records in November 2023. Although the TSR now requires maintenance of records for five years, throughout the relevant time period it only required a 24-month retention period. *See Telemarketing Sales Rule*, 89 Fed. Reg. 26760 (Apr. 16, 2024) (codified at 16 C.F.R. § 310). Therefore, under the TSR Defendants would have only been required to maintain the records up until July 2022. Plaintiffs respond that Defendants should have reasonably known or been able to foresee that these materials could be relevant to a potential legal action because they operated within the regulatory environment of the TCPA. However, the general rule in Illinois is that there is no duty to preserve evidence. *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 270-71 (Ill. 1995); *see also Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) (stating that spoliation sanction is only proper where "a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent."). Given that there was no duty for Defendants to maintain records after July 2022, Plaintiffs' claim related to the Roberts spoliation would fail on this basis as well.

the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). However, the complaint alleges only one problematic call to Moore's phone number ending in 3200, which was from Rodriguez in March 2024. Without a second call to the 3200-number within twelve months of the first call, Moore simply does not have any TCPA claim related to the Rodriguez agency's call. As there is no plausible cause of action related to the March 2024 call, there can be no reasonable inference drawn that the destruction of records related to the March 2024 call has caused Moore's inability to prove his case, or that he was actually damaged by the destruction of records. *See Smith v. United States*, 293 F.3d 984, 988 (7th Cir. 2002) (concluding that where the evidence that has been destroyed does not shed light on a claim, there is no spoliation); *see also Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 271 n.2 (Ill. 1995) ("[I]f the plaintiff could not prevail in the underlying action even with the lost or destroyed evidence, then the defendant's conduct is not the cause of the loss of the lawsuit.").

The Court is not persuaded by Plaintiffs' argument that it is likely that Rodriguez made additional calls to Moore within the 12-month period that will never be discovered because of the spoliation. To be plausible, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Discovery has been ongoing for more than a year. Plaintiffs could have easily obtained either Rodriguez's phone records or Moore's own phone records to determine if there was a second call from Rodriguez within twelve months of the March 2024 call.[5] Moreover, Moore himself should know this information. The Court will not credit the pure speculation that there might have been

---

[5] Phone records stored by the phone carrier would not have been affected by the alleged spoliation.

a second call, which records of might have been destroyed, and therefore Moore might have had a viable TCPA claim were it not for the destruction of the hypothetical records.

Plaintiffs also argue that the systematic deletion of phone records bears on the ability of the putative class to prove their cases. However, as stated previously, on a motion to dismiss the Court assesses only the claims of the named plaintiffs. *See Hirst v. Skywest, Inc.*, No. 15-C-02036, 2016 WL 2986978, at *14 (N.D. Ill. May 24, 2016) ("As no class has been certified, at this point the plaintiffs are arguing their individual claims on the motion to dismiss, not the claims of the proposed class members."). Since neither named plaintiff has sufficiently pled a claim for negligent spoliation of evidence, Defendants' motion to dismiss is granted.

## II. Motion to Strike

Rule 12(f) of the Federal Rules permit parties to move to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). Generally, motions to strike are disfavored, and the court will not strike matter from a complaint unless it is clear that it can have no possible bearing on the matter of the litigation. *Anderson v. Bd. of Educ. of City of Chicago*, 169 F. Supp. 2d 864, 867-68 (N.D. Ill. 2001). Defendants again move to strike from the complaint allegations regarding the March 2024 Rodriguez call. In the October 20, 2025 Opinion and Order, the Court declined to strike this allegation, noting that if Defendants believe Plaintiffs are barred as a matter of law from seeking relief for this call, Defendants could raise this legal argument again at summary judgment or trial. Doc. 139 at 15. Defendants now argue that this allegation has resulted in unnecessary and undue expense to Rodriguez by requiring it to retain counsel and respond to a subpoena.

The Court again declines to strike this allegation because Defendants fail to demonstrate that this allegation is entirely unrelated to this suit. *See Talbot v. Robert Matthews Distributing*

9

*Co.,* 961 F.2d 654, 664 (7th Cir. 1992) (stating allegations in pleadings may be stricken if they bear "no possible relation to the controversy"). As for the discovery issues, just because Plaintiffs allege a fact does not mean that they are entitled to discovery on that fact. *Brady for Smith v. SSC Westchester Operating Co. LLC*, 533 F. Supp. 3d 667, 677 (N.D. Ill. 2021). Federal Rule of Civil Procedure 45(d) permits a court to quash or modify a subpoena when it subjects a person to undue burden. F.R.C.P. 45(d)(3)(iv). Discovery motions are the appropriate means to address these concerns.

### CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss Count IV as it relates to negligent spoliation and denies Defendants' motion to strike.

Dated: May 29, 2026

_____
APRIL M. PERRY
United States District Judge